BRIAN E. WASHINGTON, COUNTY COUNSEL
COUNTY OF MARIN
Jenna Brady, Chief Deputy County Counsel
State Bar No. 233440
Jacy C. Dardine, Deputy County Counsel
State Bar No. 294294
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 473-6117; Fax: (415) 473-3796
jenna.brady@marincounty.gov
jacy.dardine@marincounty.gov

Attorney for Defendant
COUNTY OF MARIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE SILVERIA, ELGIO LIMETA, SEAN DERNING, BINFORD COMMUNITY,<br><br>Plaintiffs,<br><br>v.<br><br>MARIN COUNTY SHERIFF'S DEPARTMENT, MICHAEL THOMPSON, JULIA BARNES, COUNTY OF MARIN DOES 1-10<br><br>Defendants. | Case No.: 3:24-cv-03181-AMO<br><br>**DEFENDANT COUNTY OF MARIN'S OPPOSITION TO PLAINTIFFS' REQUEST FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:  May 30, 2024<br>Time:  2:30 P.M.<br>Dept:  Zoom<br>Judge: Honorable Araceli Martinez-Olguin<br><br>Date Filed:  May 28, 2024<br>Trial Date:  Not Set |

Defendant County of Marin hereby submits the following Opposition to Plaintiffs Bonnie Silveria, Elgio Limeta, Sean Derning and Binford Community's Application for Temporary Restraining Order and Preliminary Injunction.

**I.     INTRODUCTION AND FACTUAL BACKGROUND**

For several years, individuals have resided on Binford Road in unincorporated Marin. The County of Marin has focused its efforts on connecting individuals with shelter and supportive services, substantially increasing resources along Binford over the past year. County departments and community

partners work jointly to conduct individual outreach to residents and provide monthly service fairs. *See* Declaration of Andrea O'Malley In Support of Opposition to Temporary Restraining Order ("O'Malley Declaration"). In addition, the County provides portable bathrooms and handwashing stations, regular trash pickup, and RV pump out services. *Id.* These efforts have resulted in the County housing twenty-six individuals since August 2023. *Id.*

Although the County has made progress on Binford Road, the health, safety and environmental risks remain. *See* Declaration of Deputy Michael Thompson In Support of Opposition to Temporary Restraining Order ("Thompson Declaration"). Binford Road is a two-lane County maintained road with no sidewalks that is surrounded by the bay to the east and commercial buildings to the west. *Id.* Since the pandemic, the population on Binford Road has grown, with most individuals residing in their recreational vehicles (RV). *Id.* Individuals living along Binford Road store personal property within the County right-of-way close to the road and bay. This creates an obstruction to the use of the County road by the public, prevents individuals from safely walking on Binford Road, and has resulted in personal property and trash accumulating in the bay. *Id.*

To improve health and safety along Binford, in 2023, the County determined that routine cleanups of personal property stored on Binford Road was necessary to protect the health and safety of pedestrians, drivers and the public generally. *See* Declaration of Deputy Julia Barnes In Support of Opposition to Temporary Restraining Order ("Barnes Declaration"); *see also* Thompson Declaration. The County provides 15-day written notice of cleanups at the location, which states that property will be removed and stored for 90 days. The notice also provides the phone number individuals may reach out to in order to retrieve their property. The County is not preventing Plaintiffs from living along Binford. However, Plaintiffs are not permitted to store belongings along Binford that create a health, safety and environmental danger to other residents and the public. *See* Thompson Declaration. In short, the County provides pre-clean up notice, both verbal and written, stores personal property, and the notice provides instruction of retrieval – for all these reasons the County's actions withstand constitutional muster and the request for a temporary restraining order should be denied.

## II. STANDARD FOR ISSUING A TEMPORARY RESTRAINING ORDER

A temporary restraining order, much like a preliminary injunction, is an "extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 690 (2008). "'The propriety of a temporary restraining order, in particular, hinges on a significant threat of irreparable injury [ ] that must be imminent in nature.'" *Givens v. Newsom*, 459 F.Supp.3d 1302, 1310 (2020) (quoting *Gish v. Newsom*, 2020 WL 1979970, at *3 (April 23, 2020)) (alteration in original). "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Givens*, 459 F.Supp.3d at 1309. Plaintiffs must demonstrate: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Where a plaintiff fails to demonstrate likelihood of success on the merits, the district court need not "consider the remaining Winter elements." *Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 953 (9th Cir. 2013) (internal citations omitted). The moving party "carries the burden of persuasion" "by a clear showing." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (italics in original). In the Ninth Circuit, courts may also issue temporary restraining orders when there are "serious questions going to the merits" and a "balance of hardships that tips sharply towards the plaintiff" so long as the remaining two *Winter* factors are also present. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A plaintiff "must establish that irreparable harm is likely, not just possible." *Cottrell*, 632 F.3d at 1131. "The irreducible minimum [for a preliminary injunction] ... is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice.'" *Arc of California v. Douglas*, 757 F.3d 975, 993-94 (9th Cir. 2014) (emphasis added). For injunctive relief there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is

sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." *Id.* (internal quotations omitted).

### III. PLAINTIFFS FAIL TO ESTABLISH THE REQUIREMENTS FOR THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER

**A. Plaintiffs fail to demonstrate a likelihood they will succeed on the merits.**

Plaintiffs fail to meet their burden of demonstrating a likelihood of success on any claim. "[B]efore exercising its authority to issue an injunction, the district court must analyze the merits. The Supreme Court has explained that plaintiffs seeking a preliminary injunction must establish that they are likely to succeed on the merits." *Where Do We Go Berkeley v. Caltrans*, 32 F.4th 852, 863 (9th Cir. 2022). The same standard applies to a TRO, *Winter*, 555 U.S. at 20, that is, merely establishing potential injury is insufficient without a showing of some likelihood of success on the merits. Plaintiffs cannot establish a likelihood of success on the merits on any of their claims. In fact, Plaintiffs motion fails to analyze the success of the merits on each of the specific claims pled, but rather, offers various allegations with varying degrees of relevancy to claims in their TRO. None of Plaintiffs' arguments have merit.

California Streets and Highways Code section 1480.5 provides that a road commissioner may immediately remove an encroachment which obstructs or prevents use of a county highway, consists of refuse, or is a traffic hazard. Further, after notice to the occupant of the land, the individual may be required to remove the encroachment within 10 days. *Id.* §§ 1481, 1482. The Marin County Code similarly provides that no person shall place items within the county right-of way, without permission of the County. *See* Marin Municipal Codes 13.13.030, 13.13.230 and 13.13.240.

It is well established that the state has inherent power to subject individual rights to reasonable regulation for the general welfare. *See* 8 Witkin, Summary 11th Const Law § 1098 (2022); s*ee also Queenside Hills Realty Co. v. Saxl*, 328 U.S. 80, 82-83 (1946); *Massingill v. Department of Food & Agriculture*, 102 Cal.App.4th 498, 504 (2002). Police power "extends to objectives in furtherance of the public peace, safety, morals, health and welfare." *Birkenfeld v. City of Berkeley*, 17 Cal.3d 129, 160

(1976). Here, the County has authority under state and local law to ensure the County right-of-way is safe for occupants on Binford and the general public. The County's procedure for removal of individual's person property is consistent with established law and does not violate the Plaintiffs' constitutional rights.

### 1. Plaintiffs' Fourth Amendment Unreasonable Seizure Claim Fails

Plaintiffs contend that the County is violating the Fourth Amendment by unreasonably seizing and destroying property during cleanups. This is inaccurate. The County visibly posts the 15-day Notice at each location prior to the cleanup. County staff work with each individual to identify items that the individuals want stored, what items they want to move into or on top of their RV, or want the County to properly dispose. *See* Barnes Declaration. Here, each Plaintiff received notice posted prominently at the location. *See* Thompson Declaration. The Notice provides information regarding how the individuals may retrieve property removed and stored. The County places items in storage that residents along Binford indicate they would like to keep. In fact, Mr. Derning's personal property remains in storage currently. *See* Barnes Declaration. Ms. Silveria never requested return of her belongings prior to the 90-day storage period lapsing and Mr. Limeta directed staff to dispose of his belongings that he did not place within his structure. *See* Barnes Declaration. Therefore, the Plaintiffs have failed to show that they are likely to succeed on the merits of this claim. Accordingly, the County's process for removal of personal property within the County right-of-way does not violate the Plaintiffs fourth amendment and Plaintiffs have failed to show that they are likely to succeed on the merits of this claim.

### 2. Plaintiff's Fourteenth and Fifth Amendment Due Process Claim Fails

Plaintiffs allege that removal of their belongings violates the Fifth and Fourteenth Amendments. It is unclear what the specific due process violation are but appear to be that the County is violating due process because the County is allegedly not storing Plaintiffs' property. This is false. As stated above, the County places items in storage that residents along Binford indicate they would like to keep. Mr. Derning's personal property remains in storage currently and Ms. Silveria never requested return of her belongings prior to the 90-day storage period lapsing. Mr. Limeta directed staff to dispose of his

belongings that he did not place within his structure. Therefore, the Plaintiffs have failed to show that they are likely to succeed on the merits of this claim.

### 3. Plaintiffs' Fourteenth Amendment State Created Danger Claim Fails

State Created Dangers are an exception to the general rule that the Due Process Clause is a limitation on state action, and "is not a 'guarantee of certain minimal levels of safety and security." *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 194-95 (1989)). Put another way, a state is not liable for its omissions. *Id.* To succeed on this claim, Plaintiffs must prove three elements: first, they must show that moving defendants' affirmative actions created or exposed Plaintiffs to actual, particularized danger that they would not otherwise have faced; second, they must show that the injury they suffered was foreseeable; and third, they must show that the County was deliberately indifferent to the known danger. See *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133 (9th Cir. 2018). Plaintiffs cannot establish these elements.

Courts have consistently held that only when a public entity "affirmatively and with deliberate indifference placed that person in danger," can it be held liable under Section 1983. *Pauluk v. Savage*, 836 F.3d 1117, 1122 (9th Cir. 2016); see also *Patel*, 648 F.3d 965, 974 (2011); *Kennedy v. City of Ridgfield*, 439 F.3d 1055, 1063 (9th Cir. 2006). Deliberate indifference is "a higher standard than gross negligence because it requires a culpable mental state, meaning that the state actor must recognize an unreasonable risk and actually intend to expose the plaintiff to such risks without regard to the consequences to the plaintiff." *Campbell v. State of Washington Dep't of Soc. & Health Servs.,* 671 F.3d 837, 846 (9th Cir. 2011). A plaintiff must show "not only that the defendant acted 'affirmatively,' but also that the affirmative conduct placed him in a 'worse position than that in which he would have been had [the state] not acted at all.'" *Pauluk*, 836 F.3d at 1124-25 (quoting *Johnson v. City of Seattle*, 474 F.3d 634, 641 (9th Cir. 2007)).

Plaintiffs allege that the County has exposed them to danger by removing fencing that puts their pets in harms way and removed shade structures for themselves and their pets. The County has not

required Plaintiffs to remain on Binford Road. The County has provided services to each individual, including Plaintiffs, on Binford Road. The offer of support and housing alone should mitigate the dangers Plaintiff identifies thereby defeating a state-created danger claim. *See e.g., Miralle v. The City of Oakland*, United States District Court, Case Number 4:18-cv-06823-HSG, 2018 U.S.Dist. LEXIS 201778, at *6 (N.D. Cal. Nov. 28, 2018). ("[T]he dangers Plaintiffs identify are fully mitigated by the City's offer of shelter beds at the time of removal.").

Further courts have held that the actions of the public entity do not necessarily "plac[e] Plaintiffs in an inherently more dangerous situation than they had faced previously." *Cobine v. City of Eureka*, 250 F. Supp. 3d 423, 433 (N.D. Cal. 2017). "In the absence of particular allegations that the state action put the Plaintiffs in an inherently dangerous situation, the Court is bound to find that the generalized dangers of living on the street preexisted Plaintiffs' relocation" *Id.* "The general circumstances of being homeless … cannot be minimized. Without allegations of intentional eviction during precarious weather or other facts indicating deliberate indifference to the safety and welfare of the population, the Court must dismiss the claim. [Citation.]" *Id.*

Here, the County is removing personal property to ensure the health and safety of Binford Road. The personal property that has accumulated obstructs the path of cars and pedestrians and falls into the bay. The County has demonstrated that it is actively working to provide services to each individual on Binford Road and accordingly, the Plaintiffs cannot show that they are likely to succeed on the merits of this claim.

4. **Plaintiffs' Fourteenth Amendment Substantive Due Process Claim Fails**

Plaintiffs Substantive Due Process claim fails as well, as the evidence shows, *not* that the County refuses to let Plaintiffs use a fence to protect their dogs from eloping into the "busy road" next to their living space, but rather, that the proposed fence could simply not infringe of the public right of way. (ECF 1, pp. 9-10, ¶¶ 12-13.)

Substantive due process protects individuals from arbitrary deprivation of their liberty by government. *County of Sacramento v. Lewis*, 523 U.S. 833, 845–49 (1998). The Court has repeatedly

7

DEFENDANT COUNTY OF MARIN'S OPPOSITION TO PLAINTIFFS' REQUEST FOR TEMPORARY
RESTRAINING ORDER
Case No.: 3:24-cv-03181-AMO

"spoken of the cognizable level of executive abuse of power as that which shocks the conscience." *Id.* at 846. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Id.* It is not enough to allege conscience shocking action, however: one must also establish "a deprivation of life, liberty, or property by the state." *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 125 (1992). This is because "there is no general liberty interest in being free from capricious government action." Id. at 949 (internal quotations and citation omitted). Thus, in order to establish a constitutional violation based on substantive due process, a plaintiff must establish a deprivation of their liberty *and* conscience shocking behavior by the government.

Nothing in the allegations identifies the liberty interest or fundamental right affected by the County's clearance of fencing interfering in the public right of way. To the extent that they claim to a certain location or amount of space for the pen that contains their dogs (see paragraph 12 alleging their need for an "enclosed shaded area") the removal of the fence from the public right of way does not constitute a denial of this space. Even assuming arguendo that the County had denied Plaintiffs any space around their vehicle to erect a pen for their dogs, which they did not, there is nothing in constitutional jurisprudence suggesting that one has a liberty interest in an outdoor pen for one's pet. *See e.g. Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 126 (1992) (rejecting the proposition that the governmental employer's duty to provide its employees with a safe working environment is a substantive component of the Due Process Clause.)

### 5. Plaintiffs' Violation of Title II Americans With Disabilities Act Claim Fails

Mr. Derning alleges that he suffers from a disability and that he has requested an accommodation from the County to provide extra space along Binford to do occupational therapy. He further alleges that Deputy Thompson refused to engage in the interactive process with him under the Americans with Disabilities Act. Even if the County was required to engage in the interactive process with Mr. Derning with regard to his use of the public right-of-way, which the County disputes, Mr. Derning did not communicate with County staff related to the need for an accommodation or a disability. Even if he had, there is no obligation to grant a request for accommodation that is unreasonable as a matter of law. *See*

8

DEFENDANT COUNTY OF MARIN'S OPPOSITION TO PLAINTIFFS' REQUEST FOR TEMPORARY RESTRAINING ORDER
Case No.: 3:24-cv-03181-AMO

e.g *Gazzano v. Stanford Univ.*, 2014 WL 794803, at *4, n. 59 (N.D.Cal. Feb.27, 2014) (noting that even if plaintiff had properly raised a request for transfer to a new supervisor as an accommodation, such an accommodation was per se unreasonable.) Where, as here, the request for space in the public right of way bears no relationship to a disability requiring one to work with their hands frequently, there is no basis for concluding that Mr. Derning requested a reasonable accommodation tailored to the functional limitation he has identified as his disability. Accordingly, on this basis alone Mr. Derning cannot show that he is likely to succeed on the merits of his ADA claim.

### B. A Balance of Hardships Tips in the County's Favor and the Public Interest Favors Denying the Motion

A plaintiff seeking a preliminary injunction must establish "that the balance of equities tips in his favor." Winter, 555 U.S. at 20. Under the "serious questions" version of the sliding scale test that this Court previously applied and that plaintiffs request in their moving papers, it must satisfy an even more demanding standard: that the balance of hardships tips sharply in their favor. *Cottrell*, 632 F.3d at 1135. Plaintiffs cannot meet this threshold element.

Here, the burden imposed on Plaintiffs to place items within their RV is not unreasonable. Plaintiffs are provided notice of cleanup days, storage of their belongings, and an opportunity to retrieve items from storage. *See* Barnes Declaration. Plaintiffs are not entitled to store items in the public right-of-way that have been deemed to be a hazard to health and safety and obstruct the public's use of the right-of-way.

Accordingly, if the County is enjoined from removing personal property along the right-of-way, it will result in hazardous material collecting near the bay and prevent individuals and cars from safely using the roadway. The hardship analysis therefore tips in the County's favor.

### C. Plaintiff cannot show irreparable harm

Plaintiffs also cannot show irreparable harm. A plaintiff seeking injunctive relief "must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the

9

DEFENDANT COUNTY OF MARIN'S OPPOSITION TO PLAINTIFFS' REQUEST FOR TEMPORARY RESTRAINING ORDER
Case No.: 3:24-cv-03181-AMO

defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (emphasis added). "[I]t is the plaintiff's burden to put forth specific evidence from which the court can infer irreparable harm." *Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 760 n.8 (9th Cir. 2018). A risk of irreparable harm in the indefinite future is not enough. The harm must be shown to be imminent. *Midgett v. Tri-County Metro. Transp. Dist. of Oregon*, 254 F.3d 846, 850-851 (9th Cir. 2001).

Here, Plaintiffs point to no actual and imminent harm. The Plaintiffs' allegations all relate to prior removals of property. Plaintiff Mr. Derning has property that remains in County storage that he has not requested to retrieve. Plaintiff Mr. Limeta directed County staff to dispose of the property they collected from his location. Finally, Plaintiff Ms. Silveria did not contact the County to retrieve her belongings within the 90-days on the notice. Accordingly, there is no actual or imminent harm to the Plaintiffs in this action.

## IV.  CONCLUSION

Plaintiffs cannot show the requisite elements for a temporary restraining order under any of the legal theories in her motion. Plaintiffs have failed to demonstrate a likelihood of success on the merits, cannot show irreparable harm, and a balancing of hardships tips in favor of the County. This is especially true where the County has provided notice to the Plaintiffs and opportunity to retrieve belongings that have been stored. In consideration of the totality of the circumstances, the County requests that the Court deny Plaintiffs' request for a temporary restraining order.

Dated:

OFFICE OF THE COUNTY COUNSEL
COUNTY OF MARIN

_____
Jenna Brady
Jacy C. Dardine
Attorney for Defendant
COUNTY OF MARIN