BRIAN E. WASHINGTON, COUNTY COUNSEL
COUNTY OF MARIN
Jenna Brady, Chief Deputy County Counsel
State Bar No. 233440
Jacy C. Dardine, Deputy County Counsel
State Bar No. 294294
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 473-6117; Fax: (415) 473-3796
jenna.brady@marincounty.gov
jacy.dardine@marincounty.gov

Attorneys for Defendants
COUNTY OF MARIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE SILVERIA, ELGIO LIMETA, SEAN DERNING, BINFORD COMMUNITY,<br><br>Plaintiffs,<br><br>v.<br><br>MARIN COUNTY SHERIFF'S DEPARTMENT, MICHAEL THOMPSON, JULIA BARNES, COUNTY OF MARIN DOES 1-10<br><br>Defendants. | Case No.: 3:24-cv-03181-AMO<br><br>**DECLARATION OF JULIA BARNES IN SUPPORT OF DEFENDANT COUNTY OF MARIN'S OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>ASSIGNED FOR ALL PURPOSES TO THE HONORABLE ARACELI MARTINEZ-OLGUIN<br><br>Date: May 30, 2024<br>Time: 2:30 P.M.<br>Dept: Zoom<br><br>Date Filed: May 28, 2024<br>Trial Date: Not Set |

I, Julia Barnes, declare:

1. I am a Hazardous Materials Program Manager for the Marin County Department of Public Works. I have personal knowledge of the facts stated in this declaration and if called as a witness could and would testify competently thereto.

---

1

DECLARATION OF JULIA BARNES IN SUPPORT OF DEFENDANT COUNTY OF MARIN'S OPPOSITION TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER
Case No.: 3:24-cv-03181-AMO

184775

2. I have worked for the County since 2005 and I have been a Program Manager for the County of Marin since 2021. In my current role my main responsibility is to oversee the County's Certified Unified Program Agency (CUPA) – Hazardous Materials program.

3. In 2023, the County Executive Office requested that I help the County departments' response to Binford Road. Specifically, I was tasked with coordinating the retrieval of personal property stored in the County right-of-way, ensuring documentation of items, storage and retrieval. In addition, I was tasked with identifying hazardous materials that should be removed from the right-of-way and properly disposed.

4. In my role, I am on Binford Road during the cleanup of sites. I speak with each individual present during the cleanup. If an individual indicates that they want to keep personal property, I will inform them that the items may be placed within or on top of their recreational vehicle or that the County will store the item for 90 days. The individuals are told that if the property is retrieved from storage, it cannot be placed back in the County right-of way.

5. Individuals will often tell me that certain items can be disposed of as opposed to stored. I will provide individuals with tape or other ways to show me which items they would like the County to store versus which items should be disposed.

6. During cleanups, there are three vehicles on Binford Road. One vehicle will take items to the storage facility and the other vehicle will transport items no longer wanted to be properly disposed. A third vehicle is tasked with transporting hazardous materials for proper disposal.

7. I explain to individuals that hazardous materials will not be stored and will be properly disposed. In addition, if items appear to be an environmental hazard, I will coordinate with the County's Division of Environmental Health to identify items that should not be stored and should be disposed of immediately. Such items include wet mattresses, wet blankets and other items that may have mold or feces on them.

8. I keep documentation of items that the County stores and items that the County takes for disposal.

9. I am familiar with Ms. Bonnie Silveria. I was at Ms. Silveria's location on November 20, 2023 when her personal property was removed from the right-of-way. Attached as Exhibit A are pictures of Ms. Silveria's location before and after the personal property was removed. Ms. Silveria did not contact me to retrieve her property. The property was destroyed on February 21, 2024.

10. I am familiar with Mr. Sean Derning. I was at Mr. Derning's location on December 8, 2023 when his personal property was removed from the right-of-way. Attached as Exhibit B are pictures of Mr. Derning's location before and after the personal property was removed. Mr. Derning did not contact me to retrieve his property.

11. I show in my records that Mr. Derning still has personal property in County storage.

12. I do not recall having any communications with Mr. Derning related to a disability or request for an accommodation.

13. I am familiar with Mr. Elgio Limeta. I was at Mr. Limeta's location on March 29, 2024 when his personal property was removed from the right-of-way. Attached as Exhibit C are pictures of Mr. Limeta's location before and after the personal property was removed.

14. Mr. Limeta indicated that he wanted time to sort through items he wanted to keep and I indicated to him that we would come back later after he had time to move the items he wanted into his structure.

15. After I returned later that day to his location, Mr. Limeta indicated that we could dispose of the property that remained outside his structure. I confirmed with Mr. Limeta that we were removing his property and disposing of it and he confirmed he understood and no longer wanted the items. Based on Mr. Limeta's representations, the County disposed of Mr. Limeta's property.

16. My records show that the County removed various items including wet clothes and shoes, motor oil, a small cooler, bed frame and various other small items. My records do not show that the County removed the various items listed in the complaint such as a gas blower, burner for cooking or bike rims.

3

DECLARATION OF JULIA BARNES IN SUPPORT OF DEFENDANT COUNTY OF MARIN'S OPPOSITION TO TEMPORARY RESTRAINING ORDER
Case No.: 3:24-cv-03181-AMO

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 29th day of May, 2024, in San Rafael, California.

*Julia Barnes*

JULIA BARNES