BRIAN E. WASHINGTON, COUNTY COUNSEL
Jenna Brady, Chief Deputy County Counsel (SBN 233440)
Jacy C. Dardine, Deputy County Counsel (SBN 294294)
OFFICE OF THE COUNTY COUNSEL,
COUNTY OF MARIN
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 473-6117
Fax: (415) 473-3796
jenna.brady@marincounty.gov
jacy.dardine@marincounty.gov

Attorneys for Defendants
MARIN COUNTY SHERIFF'S OFFICE,
MICHAEL THOMPSON, JULIA BARNES, and
COUNTY OF MARIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BONNIE SILVERIA, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>MARIN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>      Defendants. | Case No.: 3:24-cv-03181-AMO<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES**<br><br>Judge:    Honorable Araceli Martinez-Olguin |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Civil L.R. 7-11 and 16-2(d), defendants MARIN COUNTY SHERIFF'S OFFICE (erroneously sued as "Marin County Sheriff's Department"), MICHAEL THOMPSON, JULIA BARNES, and COUNTY OF MARIN (collectively "County") hereby move this Court for an administrative order continuing the Initial Case Management Conference scheduled for August 29, 2024, at 10:00 a.m., to December 12, 2024, at 10:00 a.m., or to a date otherwise convenient to the Court and the parties, on the grounds that the pleadings are unsettled, and the parties are unable to meaningfully meet and confer at this stage in the litigation. County further requests this Court continue the related deadlines set forth in the Order Setting Initial Case Management Conference and ADR Deadlines. *See* Dkt. No. 8.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION AND FACTUAL BACKGROUND**

This matter involves three unhoused individuals that have either parked motorhomes on Binford Road in unincorporated Marin County or built makeshift housing in the right-of-way in violation of Marin County Code and California Vehicle Code. Notwithstanding the illegality of their continued presence on Binford Road, County has focused its efforts on connecting individuals with shelter and supportive services, substantially increasing resources along Binford Road over the past year. County departments and community partners work jointly to conduct individual outreach to residents and provide monthly service fairs. In addition, County provides portable bathrooms and handwashing stations, regular trash pickup, and RV pump out services. These efforts have resulted in the County housing more than twenty-six individuals since August 2023.

Although most individuals on Binford Road appreciate the services County is providing, plaintiffs Bonnie Silveria, Elgio Limenta, and Sean Derning ("Plaintiffs") allege that defendants Michael Thompson (a Deputy with the Marin County Sheriff's Office) and Julia Barnes (a hazardous materials program manager with the Department of Public Works) have started "terrorizing" them during scheduled cleanups. The cleanups are intended to keep debris and personal property from creating a greater danger to passing vehicles on the busy roadway and from ending up in the Rush Creek Preserve,

which abuts Binford Road. Before conducting cleanups, County provides notice to all individuals and stores personal property for up to 90 days when removed from the right-of-way.

On May 28, 2024, Plaintiffs filed their Complaint alleging various civil rights violations. See Dkt. No. 1. Plaintiff Sean Derning also asserts a claim for alleged violations of the Americans with Disabilities Act. This Court initially granted their *ex parte* request for a temporary restraining order, but, on May 30, 2024, this Court dismissed the temporary restraining order and denied Plaintiffs' motion to appoint counsel. See Dkt. No. 15.

On July 25, 2024, County filed its Motion to Dismiss the Complaint pursuant to FRCP 12(b)(6). *See* Dkt. No. 20. The Motion is scheduled for a hearing on November 7, 2024 – one of the earliest dates the Court had available on its civil motion calendar at the time the Motion was filed. However, the Initial Case Management Conference is scheduled for August 29, 2024, and the parties have not had an opportunity to meaningfully meet and confer given the uncertainty in the pleadings.

To conserve judicial and the parties' resources, County respectfully request this Court continue the Initial Case Management Conference to December 12, 2024, at 10:00 a.m., or to a date otherwise convenient to the Court and the parties, pursuant to Civil L.R. 7-11 and 16-2(d). County further requests this Court continue the related deadlines set forth in the Order Setting Initial Case Management Conference and ADR Deadlines. *See* Dkt. No. 8.

## II. LEGAL ARGUMENT

Good cause exists to continue the Initial Case Management Conference and related deadlines because the parties have not had an opportunity to meaningfully meet and confer given the uncertainty in the pleadings. As discussed more fully in County's Motion to Dismiss the Complaint pursuant to FRCP 12(b)(6), each of the allegations in the Complaint is deficient as a matter of law, and it is currently unknown which, if any, of the claims will proceed beyond the initial pleading stage. Indeed, it appears that Plaintiffs' primary goal in bringing this litigation was to obtain a temporary restraining order and/or injunction to prevent County from moving forward with its scheduled cleanups on Binford Road. Since the Court denied Plaintiffs' request, it is unclear what, if any, additional relief Plaintiffs are seeking, and the factual allegations in the Compliant do not state a viable cause of action against any defendant. Simply stated, the parties cannot meaningfully meet and confer to prepare for the Initial Case

Management Conference until the pleadings are settled.

Pursuant to the Court's order setting the Initial Case Management Conference, the deadline for the parties to meet and confer regarding initial disclosures and early settlement, ADR process selection, and discovery plan is August 8, 2024, and the deadline to make initial disclosures and file a Joint Case Management Statement is August 22, 2024.  *See* Dkt. No. 8.  However, County's Motion to Dismiss the Complaint is scheduled for a hearing on November 7, 2024.

Accordingly, County respectfully requests that this Court continue the Initial Case Management Conference to December 12, 2024, at 10:00 a.m., or to a date otherwise convenient to the Court and the parties, and to continue the related deadlines as set forth in the Order Setting Initial Case Management Conference, commensurate with the new Initial Case Management Conference date.  This would allow the parties additional time to meaningfully meet and confer once the pleadings are settled and to determine which, if any, of the causes of action will proceed.

### III. **CONCLUSION**

Based on the foregoing, County respectfully requests this Court grant the administrative motion to continue the Initial Case Management Conference and related deadlines.

Dated:  August 7, 2024

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF MARIN

_____
Jenna Brady
Jacy C. Dardine
Attorneys for Defendants
MARIN COUNTY SHERIFF'S OFFICE,
MICHAEL THOMPSON, JULIA BARNES, and
COUNTY OF MARIN