Bonnie Silveria *Pro Se*
silverbjean555@gmail.com
Elgio Limeta *Pro Se*
Sean Derning *Pro Se*
binfordrd@gmail.com
1305 Leafwood Drive #2
Novato, CA 94954

Plaintiffs Pro Se



FILED

AUG 08 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES COURT

DISTRICT OF NORTHERN CALIFORNIA



| | |
|---|---|
| Bonnie Silveria, Elgio Limeta, Sean Deming, Binford Community<br><br>vs.<br><br>Marin County Sheriffs Department, Michael Thompson, Julia Barnes, County of Marin DOES 1-10 | Case No.: 3:24-cv-03181-AMO<br><br>PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS<br><br>Hearing Date: November 7th 2024<br>Time: 2:00pm<br>San Francisco Court House<br>450 Golden Gate Avenue<br>San Francisco CA 94102<br>Hon. Aracelia Martinez-Olguin |

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 1

## Table of Contents

*Table of Authorities* ...................................................................................................... 3

*Introduction* ................................................................................................................... 4

*Elgio Limetas Fourth and Fifth Amendment Claim Is Sufficiently Plead* ........... 4

*Bonnie Silveria and Sean Derning's Fourth and Fifth Amendment Claim Are Sufficiently Plead.* ......................................................................................................... 5

*Plaintiffs Fourteenth Amendment Sufficiently Plead* ............................................. 7

*Plaintiffs Sean Derning ADA Claim Is Sufficiently Plead* ..................................... 8

*Plaintiffs Monell Claim Is Sufficiently Plead* ......................................................... 10

*Conclusion* ................................................................................................................... 10

*Verification* ................................................................................................................. 10

# Table of Authorities

**CASES**

*Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002)) ...................................................... 8

*Boyd v City of San Rafael* 3:23-cv-04085-EMC N.D. Oct 19. ................................................................ 8

*Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071 (2021) ............................................................... 4

*City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). ................................................................. 10

*Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) ....................................................................... 7

*Fleming v Marin County Sheriffs Department* 3:24-cv-03859-RS ......................................................... 3

*Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012) ............................................................ 4, 7

*Lavan v. City of Los Angeles*, 797 F. Supp. 2d 1005 (C.D. Cal. 2011) .................................................. 5

*Maglaya ex rel. S.R. v. Kumiga*, Case No. 14-cv-3619 (N.D. Ill. Aug. 3, 2015) .................................... 7

*Sinclair v. City of Seattle*, 61 F.4th 674, 681 (9th Cir. 2023) ................................................................. 7

*Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003) .............................................................................. 9

*Where Do We Go Berkeley v Cal' Dep't of Transp't* 32 F.4th 852, 861 (9th Cir. 2022) ....................... 8


**STATUTES**

California Civil Code - CIV § 2080.2 ....................................................................................................... 4

California Civil Code § 2080 .................................................................................................................... 4


**OTHER AUTHORITIES**

"Marin Stays Course Assisting Binford Road's Unhoused People *Pacific Sun.* July 30 2024 ............... 3

# Introduction

1. Since the filing of this lawsuit conditions have changed. Chief Judge Seeborg issued a restraining order blocking the seizure of a mans home on Binford Road last month see *Fleming v Marin County Sheriffs Department* 3:24-cv-03859-RS Dkt No. 6, 12, 19. Shortly after the restraining order issued in *Fleming*, as well as this lawsuit, the County has publicly announced numerous policy changes on Binford Road (See "Marin Stays Course Assisting Binford Road's Unhoused People *Pacific Sun.* July 30 2024). The County has announced that now people can have certain possessions outside of our homes on Binford Road *id*.

2. The County's policy changes that have occurred after the filing of this lawsuit and *Fleming v Marin County Sheriffs Department* are positive, and bode well for finding a settlement for this lawsuit. These policy changes do not change the fact that our property was unreasonably destroyed and our private lives violated.

3. The complaint as written is sufficient when the attached declarations are properly incorporated. Defendants arguments are red herrings that ignore these.

# Elgio Limetas Fourth and Fifth Amendment Claim Is Sufficiently Plead

4. *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012) established that the Fourth Amendment applies to the property of unhoused people on private property. "The government commits a physical taking when ... the government physically takes possession of property without acquiring title to it." *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071 (2021).

1. Elgio Limeta's allegations allege both an unreasonable seizure and taking of his property. Mr. Limeta states "*A Women came out leading a clean up crew, I believe this is Julia Barnes. She told me I had to lose a fenced in area I had for my dog. she told me separate things into two piles – one pile for trash and another things we wanted to keep. I sorted them into two piles. The way she speaks is very mean.*

2. *I wanted a lot of things stored. They took my fridge, my burner for cooking, two solar panels. Three of my four large batteries because Julia said I could only keep one. They took really expensive bike rims, and lots of expensive things. They took the frame my bike that I had just finished painting. They lift the rim and some other parts of the bike. They took so much. All of these things were things I wanted to retrieve later*

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 4

*and I put them in a pile to keep.... I had jars of water that I keep potable water to drink. They took all of my water to drink and they threw it all out. They wouldn't store my water... Literally the same day they took my belongings I texted and called Deputy Michael Thompson. He told me that there was nothing he could do getting my things out of storage. Everything I wanted to keep is gone. Now I have pay my friend now because I was responsible for the blower.* [See Complaint, Declaration Elgio Limeta].

5. Mr. Limeta's complaint is exactly the behavior prohibited in both *Lavan* and *Cedar Point*. The Government seized and destroyed his property when he did not consent to do so. Defendants do not dispute that his property was summarily seized and destroyed – only make the false assertion that Elgio Limeta consented to the taking of his property.

# Bonnie Silveria and Sean Derning's Fourth and Fifth Amendment Claim Are Sufficiently Plead.

6. In contrast to Mr. Limeta's claim, Ms. Silveria and Mr. Derning claims come from a different holding that came out of the Ninth Circuit *Lavan* decision. Ninth Circuit holding affirmed the permanent injunction in the district court for *Lavan v. City of Los Angeles*, 797 F. Supp. 2d 1005 (C.D. Cal. 2011) that required Los Angeles to store the property of peoples property for another 90 days based on the Cal Civ Code 2080, and 2080.2, which requires governments to store lost property for up to 90 days and to permit owners of that property to retrieve property during that time period.

7. In affirming the district courts decision in *Lavan*, the Ninth Circuit established that seizures of unhoused peoples belongings must be harmonized with Cal Civ Code 2080 and 2080.2 the Ninth Circuit found that Fourth and Fourteenth Amendment rights must be harmonized with California Civil Code § 2080, holds that "Any person or any public or private entity that finds and takes possession of any money, goods, things in action, or other personal property, or saves any domestic animal from harm, neglect, drowning, or starvation, shall, within a reasonable time, inform the owner, if known, and make restitution without compensation, except a reasonable charge for saving and taking care of the property." California Civil

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 5

Code - CIV § 2080.2."If the owner appears within 90 days, after receipt of the property by the police department or sheriff's department, proves his ownership of the property, and pays all reasonable charges, the police department or sheriff's department shall restore the property to him"

8. Mr. Derning and Ms. Silveria's claims are essentially that their seizures violated the clearly established law in *Lavan* because officers failed to genuinely store and release their property to them during the 90 day period. Mr. Derning goes so far as to say that the County's representation that he could retrieve property was "a complete lie".

9. Importantly here, Ms. Silveria and Mr. Derning have alleged that numerous items were taken from them that were plausibly valued over $100 dollars which triggers additional protections under Cal Civ Code 2080.1. Defendants seizures were obligated to preserve the property and make it genuinely available for Plaintiffs to regain possession under Cal Civ Code § 2080.

10. Sean Derning states that "Around December 16th of 2023, the County Marin came and took literally all of my belongings around my trailer. Michael Thompson was there, and people from the County of Marin. They just took everything that was outside. It was me moving my property into my trailer to stop them from taking it. I had to put so much in the trailer I couldn't even really live in it.

11. I lost my bike trailer that I relied on to get water and food back home. The nearest grocery store is more than a mile away. I lost so many things.

12. The notice the County posted said they were going to store my property for 90 days for me to retrieve it. That was a lie. I called to get my belongings back from the County well within the 90 day window. I even had access to a storage unit to put my belongings in so it wouldn't go back to Binford. Didn't matter. The county representative said they had thrown out all of my belongings. Total loss. "

13. Mr. Derning allegation is essentially that Defendants had a defective retrieval process that interfered with his property rights. These are sufficiently plead under the Fourth and Fifth Amendment.

14. Bonnie Silveria claims that "The day came, and I believe it was Julia Barnes, came to my property. The clean up crew working under Julia Barnes said my yard was the nicest yard they had to tear up. They then tore it up. They took my fencing, my potted plants, my awning, my artificial grass which is real expensive, a little gate I around as well, a new chipper motor that was worth about $250 dollars. All of this was really nice stuff. None of it was trash or hazardous material. There are other things they took as well.

15. The notice they gave before the clean up said they were going to store property for 90 days. But before 90 days was up, I got a call from the Down Town Streets team outreach worker named Diego. He said I should call Deputy Michael Thompson to get my possessions because the County of Marin was planning on disposing it soon. I immediately after getting called by Diego, I called Deputy Michael Thompson. He said all of my property had already been thrown out.

16. Here, Bonnie claims that her property was destroyed before she was able to retrieve it. Under Cal Civ Code 2080, all property worth over $50 dollars that is found abandoned on public property be stored over 90 days. Ms. Silveria claims she had a $250 motor that was not stored for 90 days. Therefore, the seizure was unreasonable and it was a taking of property without compensation.

17. Accordingly, Mr. Derning and Ms. Silveria allege that their property was seized, and that once it was seized it was practically inaccessible – which resulted in damages. As was established in *Lavan* both at the District and Ninth Circuit level, the seizures were unreasonable because they violated Cal Civ Code § 2080 §2080.1 and § 2080.2.

## Plaintiffs Fourteenth Amendment Sufficiently Plead

18. "Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (citation omitted). Plaintiffs submitted a Fourteenth Amendment Claim regarding the death of two dogs that occurred after Sheriffs took away dog fences in the cases of Mr. Derning and Ms. Silveria. Liberally construed, Plaintiffs claim is more generally under the Fourteenth Amendment of Substantive Due Process because the claims are about emotional, rather than physical safety.

19. Substantive Due Process prohibits the conduct from depriving people of rights in the way that "shocks the conscience" inquiry, this brand of substantive due process is concerned with preventing government officials from "abusing their power, or employing it as an instrument of oppression." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). "Deliberate indifference that shocks in one environment may not be so patently egregious in another," and determining the presence of a due process violation requires an appraisal of "the totality of facts in a given case." *Lewis*, 523 U.S. at 850.

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 7

20. Applying *Lewis* to the deaths of animals, Courts have found that the killing of pet can trigger substantive due process. In *Maglaya ex rel. S.R. v. Kumiga*, Case No. 14-cv-3619 (N.D. Ill. Aug. 3, 2015) the court held that the shooting of the Plaintiffs dog "the interest said to be violated is Plaintiffs' right to be free from arbitrary invasions into their physical and emotional safety (a form of personal integrity)."

21. The Ninth Circuit has not limited application of the doctrine to tortious behavior of individual state actors. Rather, the Ninth Circuit has recognized that a state-created danger claim may rest on city-wide policy, so long as the harm posed is sufficiently particularized to a group of plaintiffs. *See, e.g., Sinclair v. City of Seattle*, 61 F.4th 674, 681 (9th Cir. 2023) (recognizing viability of state-created danger claim based upon policy adopted by the city in face of mass protests ("CHOP") but finding no state-created danger where plaintiff failed to show particularized **Bonnie Silveria** states "When the County took away my possessions they took away my fence I used to keep my dogs safe from running into the road, and so they have safe space outside where it is not so hot. A few weeks after they took the gate, my dog Chupa was run over and killed on Binford Road because he ran out into the street because we are parked literally next to the road. If my fence had still been up, he would not have been run over. That was the only area he could play safely.

22. I have to set up a new fence around to keep my other dog safe. But if the Court does not stop the County of Marin, they will take this one too. I also have coolers with food, and water jugs, and a sun umbrella among other things around my trailer that I need for survival purposes but I don't have enough space in my trailer for them.

## Plaintiffs Sean Derning ADA Claim Is Sufficiently Plead

23. Defendants attack on Sean Derning's ADA claim fails for the same reasons why Judge Chen recently upheld an injunction in the case *Boyd v City of San Rafael* 3:23-cv-04085-EMC N.D. Oct 19. "Defendants argue that there is no "program" here giving rise to an ADA claim. [internal citation omitted]. However, this argument is incompatible with *Where Do We Go*

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 8

*Berkely*, which explained: "the ADA's prohibition on discrimination in public programs 'brings within its scope anything a public entity does,'" including the way that government entities enforce their laws. *Where Do We Go Berkeley v Cal' Dep't of Transp't* 32 F.4th 852, 861 (9th Cir. 2022) (citing *Barden v. City of Sacramento*, 292 F.3d 1073, 1076 (9th Cir. 2002)) (clearing of encampment constituted a program under the ADA)." *Id *39*

24. The case here is similar to that in *Boyd*. Sean Derning has qualified disabilities of PTSD, anxiety attacks, and nervous damage to his left hand [Decl. Derning. The program in the complaint is a 15 Day Notice of Clean Up and Property Removal [Decl Derning, Ex A] where the County where "the county will clean-up all items storesd in the public right of way located on the water side near the southern end of Binford Road… Non-Hazardous, non-perishable personal property will be stored for 90 days". Id.

25. Ostensibly, Sean Derning disputes the County's allegation it only clear property in the right of way – and claims that all of his property was taken outside of his trailer. Ostensibly, having some more space that is <u>not in the right of way</u> for his occupational therapy that he performs to heal his hand and assuage his anxiety and PTSD is not a fundamental alteration of the program. Furthermore, the County has already made public concessions that people will be allowed to store more property outside of their trailers [*Pacific Sun, Supra*]. There is some dispute perhaps what the "right of way is" which would be an issue that Defendants could dispute at summary judgement.

26. Finally, as defnedants note responding to Sean Dernings request would not be a fundamental alteration of their program. In their motion to dismiss, the County alleges it has another program – a "dedicated disability access manager ADA coordinator to ensure that all County Programs, services and facilities are accessible and usable by individuals with disabilities" [Motion to Dismiss, Page 16]. The fact that an ADA coordinator exists, and is apparently not interacting with Plaintiff, undermines Defendants attack on this claim. As Judge Chen found in the *Boyd* "Plaintiffs have raised a serious question as to whether their rights under the ADA would be violated in the absence of at least narrow preliminary injunctive relief requiring that unhoused individuals be allowed to camp in a cluster of up to

four people within 100 feet of other encampments and requiring the City engage in the interactive process before enforcing the Ordinance against Plaintiffs."

## Plaintiffs *Monell* Claim Is Sufficiently Plead

27. A plaintiff may establish *Monell* municipal liability under § 1983 even where the municipality does not expressly adopt the alleged policy. See *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003).) There are three alternative ways such liability can attach: (1) "if an employee commits a constitutional violation pursuant to a longstanding practice or custom;" (2) "when the person causing the violation has final policymaking authority;" id., and (3) "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

28. Here, Plaintiffs have alleged a long standing custom of the Marin County and Marin County Sheriffs Department working in tandem to seize property, and then improperly withholding and destroying that property. The fact that Plaintiffs have three similar cases of property loss is sufficient to plead a custom by the County of Marin and Marin County Sheriffs Department.

## Conclusion

29. Defendants motion is based on disputed facts about what the scope of the program on Binford Road is, what a public right of way is, and what happened to Plaintiffs property occurred during after the seizures. Taking all facts as true, Plaintiffs claims are sufficient to proceed with litigation.

## Verification

We the undersigned Plaintiffs respectfully submit this opposition to the court.

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 10

1  /s/ Bonnie Silveria  *Bonnie Silveria* 08/8/24

2  Date:

3  /s/ Elgio Limeta  *Elgio Limeta*

4

5  Date:  08/07/2024

6  /s/Sean Derning

7  Date:  08-07-2024

8

PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO DISMISS - 11

CERTIFICATE SERVICE

| | |
|---|---|
| Bonnie Silveria, Elgio Limeta, Sean Deming, Binford Community<br><br>vs.<br><br>Marin County Sheriffs Department, Michael Thompson, Julia Barnes, County of Marin DOES 1-10 | Case No.: 3:24-cv-03181-AMO<br><br><br>CERTIFICATE OF SERVICE |

I Robbie Powelson am over the age of 18 and not a party to the lawsuit. On August 8th, 2024, I personally served Defendants counsel "Plaintiffs Opposition To Defendants Motion To Dismiss" via regular mail by placing the documents in an envelope with postage paid and depositing it in a mail box addressed to County Counsel for the County of Marin, at 3501 Civic Center Drive, San Rafael CA 94903. My business address is 1001 Bridgeway #611 Sausalito CA 94965.

I swear the foregoing under penalty of perjury

/s/ Robbie Powelson
08/08/2024

CERTIFICATE OF SERVICE - 1