1  BRIAN E. WASHINGTON, COUNTY COUNSEL
2  Jenna Brady, Chief Deputy County Counsel (SBN 233440)
   Jacy C. Dardine, Deputy County Counsel (SBN 294294)
3  OFFICE OF THE COUNTY COUNSEL,
   COUNTY OF MARIN
4  3501 Civic Center Drive, Room 275
5  San Rafael, CA 94903
   Tel.: (415) 473-6117
6  Fax: (415) 473-3796
   jenna.brady@marincounty.gov
7  jacy.dardine@marincounty.gov

8  Attorneys for Defendants
9  MARIN COUNTY SHERIFF'S OFFICE,
   MICHAEL THOMPSON, JULIA BARNES, and
10 COUNTY OF MARIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BONNIE SILVERIA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MARIN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No.: 3:24-cv-03181-AMO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Hearing Date:　November 7, 2024<br>Time:　　　　 2:00 p.m.<br>Location:　　 San Francisco Courthouse<br>　　　　　　 Courtroom 10 – 19th Floor<br>　　　　　　 450 Golden Gate Avenue<br>　　　　　　 San Francisco, CA 94102<br>Judge:　　　 Honorable Araceli Martinez-Olguin |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

I. **INTRODUCTION**

Plaintiffs' opposition does little to clarify the legal basis for the claims in the Complaint, and despite their attempt to supplement the factual allegations in their opposition, there is still little more than conclusory allegations in the Complaint. The Constitution does not prohibit County from seizing personal property that poses an immediate threat to public health and safety nor does it prevent County from seizing personal property after providing notice and an opportunity to retrieve seized items. *See Lavan v. City of Los Angeles*, 693 F.3d 1022, 1024, 1030 (9th Cir. 2012). Here, the allegations show that County provided adequate notice before conducting cleanups on Binford Road, and County stored personal property for at least 90 days before discarding it. Plaintiffs' conclusory allegations are insufficient to state a claim under the Fourth, Fifth, or Fourteenth Amendments.

Plaintiff Sean Derning's claim under the Americans with Disabilities Act is similarly deficient. In support of this claim, Plaintiffs point to the Ninth Circuit's decision in *Where Do We Go Berkeley v. Dept. of Transp.*, to argue that County has established a "program" to cleanup and store all items illegally placed on Binford Road. However, there is no nexus between this alleged program and Mr. Derning's allegations that he "engages in occupational therapy working on bicycles and other mechanical endeavors." Moreover, there are no allegations that Mr. Derning has been diagnosed with a qualifying disability under the ADA, that any medical provider has recommended that he engage in occupational therapy, and there are insufficient factual allegations demonstrating that occupational therapy on the side of a busy roadway is a "reasonable" accommodation.

Simply stated, Mr. Derning has not stated a valid claim under the ADA and the factual allegations in the Complaint are insufficient to state claims under Section 1983 against Defendants. Accordingly, County respectfully requests that this Court grant the motion to dismiss.

II. **LEGAL ARGUMENT**

 A. **The Relevance of the Alleged "Changed Conditions" is Unclear.**

Plaintiffs' opposition begins by claiming that "conditions have changed" since filing the instant lawsuit, but the relevance of the alleged changes are unclear. First, Plaintiffs claim that Judge Seeborg "issued a restraining order blocking the seizure of a mans home on Binford Road last month," in a

separate action. See *Fleming v. Marin County Sheriff's Department, et al.*, No. 24-cv-03859-RS (N.D. Cal., filed June 27, 2024). Although it is true that Judge Gilliam, as general duty judge, granted an *ex parte* motion for a temporary restraining order "to maintain the status quo until the earliest possible hearing on the merits of the motion," in the *Fleming* action, Judge Seeborg subsequently dismissed the restraining order and denied the motion for a preliminary injunction. *Fleming*, No. 24-cv-03859-RS (N.D. Cal., Jul. 18, 2024) (Order Denying Motion for Preliminary Injunction). Thus, it is unclear how the ruling in *Fleming* supports Plaintiffs' claims in this case.

Second, Plaintiffs contend County has "changed" its policy regarding Binford Road – that is also incorrect. County's policy has been, and continues to be, that vehicles parked on Binford Road are in violation of California law and Marin County Code, but County has opted to focus its efforts on connecting individuals with shelter and supportive services. County has not changed this policy.

To the extent Plaintiffs believe the issues raised in the Complaint are now moot, they are certainly welcome to dismiss their action, which would allow County to continue focusing on providing supportive services to individuals on Binford Road. Otherwise, the discussion regarding the alleged changed conditions is irrelevant.

### B. "Binford Community" Claims Should Be Dismissed.

The Opposition does not address the impropriety of the claims asserted by the "Binford Community," which is purportedly "an unincorporated membership based association composed of residents of Binford Road." As discussed more fully in the moving papers, Plaintiffs, who are not attorneys, seek to assert claims on behalf of the Binford Community without pleading facts sufficiently demonstrating that the Binford Community is a real party in interest or that it has the capacity to sue. Since "[i]t is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities," *see Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008), the claims asserted by the Binford Community should be dismissed.

### C. The Factual Allegations are Insufficient to Demonstrate that County Seized Property in Violation of the Fourth Amendment.

County does not dispute that the Fourth Amendment applies to the seizure of personal property. The issue in the instant litigation, however, appears to be whether County provided adequate notice that

1  personal property creating a danger to other residents and the surrounding community would be
2  removed, and whether County provided an opportunity for Plaintiffs to retrieve their personal property
3  once removed.  Plaintiffs have not stated a viable claim that County, or any defendant, violated the
4  Fourth Amendment.

5        As discussed more fully in the moving papers, the factual allegations in the Complaint, and the
6  declarations attached to the Complaint, demonstrate that County provided adequate notice that personal
7  property would be removed.  The notice provided the date and time of the removal, gave Plaintiffs 15
8  days prior to the removal, and provided information on how to claim seized property.  District courts in
9  the Ninth Circuit have consistently held that notice providing even less advance warning than County
10 has provided in the instant case, meet Constitutional requirements.  *See e.g., Sullivan v. City of Berkeley*,
11 383 F.Supp.3d 976, 982 (N.D. Cal. 2019); *Cobine v. City of Eureka*, 250 F.Supp.3d 423, 435 (N.D. Cal.
12 2017).  Plaintiffs do not appear to dispute that County provided adequate notice.

13       Instead, Plaintiffs appear to argue that County failed to return their property upon request.
14 However, the factual allegations do not support this claim.  Mr. Limeta points to language in the
15 Complaint that he "texted and called" Deputy Thompson to retrieve his person property, but Deputy
16 Thompson purportedly told him "there was nothing he could do."  At the outset, Defendants note that
17 there are insufficient factual allegations that Deputy Thompson, in either his personal or official
18 capacity, physically removed Plaintiffs' property.  Moreover, according to the allegations, County
19 advised Plaintiffs to contact the telephone number *on the Notice* to retrieve their personal property – not
20 Deputy Thompson – and there are no allegations that Mr. Limeta attempted to do so.

21       The factual allegations concerning Mr. Derning and Ms. Silveria are similarly deficient.  Mr.
22 Derning's declaration states that the "County of Marin" purportedly seized his property illegally stored in
23 the right-of-way, but the allegations concerning his alleged attempt to retrieve the property are vague
24 and conclusory.  As can be gleaned from the photo attached to his declaration, Mr. Derning's RV is
25 precariously parked near the roadway, and he refuses to keep his various bicycle components off the
26 road.  County seized these bicycle components to keep them from falling into the roadway or the nearby
27 protected habitat, and Mr. Derning did not request their return until after the instant litigation was filed.
28 *See* Barnes Declaration, ECF, Dkt. No. 12, at ¶¶ 9-10.

Ms. Silveria does not allege that she attempted to contact the telephone number listed on the Notice to retrieve her personal property either. Like Mr. Limeta, Ms. Silveria claims that she called Deputy Thompson, and he purportedly said her property "had already been thrown out." These allegations are insufficient to state a claim because there are no factual allegations that Plaintiffs attempted to retrieve their "non-hazardous," "non-perishable" property within 90 days following the procedures County established. Accordingly, these claims fail.

D. **Plaintiffs' State Created Danger Claim for "Emotional" Safety Is Insufficient.**

County did not engage in "affirmative conduct" placing Plaintiffs in a more dangerous situation than they would otherwise have faced, which is a prerequisite to a state-created danger claim. Plaintiffs do not dispute that their *physical* safety is not at issue. Rather, Plaintiffs argue that their substantive due process claim under the Fourteenth Amendment is based on "emotional" safety related to their pets because County purportedly removed dog fences during its cleanup on Binford Road.

Plaintiffs cite *County of Sacramento v. Lewis*, 523 U.S. 833 (1998) to support their argument, but the relevance of this case is unclear. *Lewis* concerned a lawsuit brought by parents of a motorcycle passenger killed during a high-speed police chase, alleging deprivation of substantive due process under the Fourteenth Amendment. *Id.* at 836. The question was "whether a police officer violates the Fourteenth Amendment's guarantee of substantive due process by causing death through deliberate or reckless indifference to life in a high-speed automobile chase aimed at apprehending a suspected offender." *Id.* The Court *unanimously* held that the parents' claim failed because "only a *purpose to cause harm* unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Id.* (emphasis added). In reaching this conclusion, the Court expressly rejected the Ninth Circuit's opinion that the appropriate degree of fault necessary for a substantive due process violation was "deliberate indifference to, or reckless disregard for, a person's right to life and personal security." *Id.* at 838. Rather, the level of culpability required to support a substantive due process claim is "conduct *intended to injure* in some way *unjustifiable by any government interest*." *Id.* at 849 (emphasis added).

Here, there are no allegations demonstrating an "intent" to injure Plaintiffs (or their pets) and County unquestionably has a justifiable interest of ensuring that personal property – including pet

enclosures – does not become a traffic or environmental hazard.  Thus, even assuming *Lewis* is analogous to the facts in the instant case – which it is not since it involved a high-speed police chase causing the death of a person, not a pet – there are no allegations in the instant Complaint raising to the level of culpability required under *Lewis*.[1]  *Lewis* is also distinguishable since, in that case, there was unquestionably affirmative conduct leading to the alleged harm, whereas, in the instant case, Defendants' only conduct is the alleged removal of pet enclosures from the right-of-way.  As discussed more fully in the moving papers, district courts have consistently held that cleanups and closures of homeless encampments do not give rise to substantive due process claims because there is no affirmative conduct exposing Plaintiffs to danger they would not have otherwise faced.

Plaintiffs' state created danger claim is therefore insufficient and should be dismissed.

### E. Mr. Derning Has Failed to Identify a County Program or Service Requiring an Accommodation Under the Americans With Disabilities Act, and His Proposal to Store Bicycle Parts in the Right-of-Way of a Busy Road is Unreasonable.

The Opposition does not identify any allegations in the Complaint demonstrating that County is providing a "program" or "service," within the meaning of the Americans' with Disabilities Act, that requires a reasonable accommodation.  Rather, Plaintiff generally directs this Court to the Ninth Circuit's decision in *Where Do We Go Berkeley v. Cal. Dep't of Transp.* – a case County discussed in the moving papers to support its position that Plaintiff has not stated a valid claim under the ADA.

Plaintiff also cite the district court's ruling in *Boyd v. City of San Rafael* granting a preliminary injunction prohibiting the city from enforcing its anti-camping ordinance.  Notably, this ruling did not involve any claim that unhoused individuals should be permitted to store bicycle components in a road right-of-way as a "reasonable" accommodation under the ADA, and the district court recently granted the City's motion to dismiss the entire action and dissolved the preliminary injunction.  *See Boyd,* No.

---

[1] Plaintiffs also cite a district court case from Illinois purportedly demonstrating that injuries to pets may give rise to substantive process claims, but their citation to this case, even if it had precedential value (which it does not), is clearly erroneous since the district court did not endorse a due process claim related to the shooting of a dog.  See *Maglaya v. Kuminga*, No. 14-cv-3619, 2015 WL 4624884, at *7 (N.D. Ill. Aug. 3, 2015).  Rather, the district court ruled that allegations an officer shot a dog eight times "within feet" of a child with "reckless and obvious disregard" of the child's safety were sufficient to state a claim *based on the child's substantive due process rights*.  *Id.*

23-cv-04085 (N.D. Cal. filed August 7, 2024) (order granting defendant's motion to dismiss).  Thus, Plaintiff's reliance on this district court ruling is misplaced.

Although not entirely clear, Plaintiff also argues that since there is "some dispute" about the width of County's right-of-way on Binford Road, and that dismissal is not appropriate at this stage in the litigation.  However, no such dispute exists.  Both California law and Marin County Code establish a minimum right-of-way for public roads at no less than forty feet, see Cal. Sts. & High Code § 160; MCC § 24.05.020, and Marin County Code specifically provides that the right-of-way "shall extend a minimum of ten feet beyond the ultimate pavement and curbs, MCC § 24.05.020.  As Mr. Derning's declaration attached to the Complaint makes clear, his RV is parked within inches from Binford Road on one side, and on the other side is the Rush Creek Preserve (which is State-owned land).  Simply stated, there is no "room" for County to provide that does not unreasonably jeopardize public health and safety, and Plaintiff's request for an accommodation is not "reasonable" under the circumstances.

The person claiming an accommodation has the burden to produce evidence that a reasonable accommodation was possible.  *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002).  A public agency may also require "reasonable evidence of a disability before providing accommodations." *Id.* at 1153. The claimant also has the burden to demonstrate that the accommodation "seems reasonable on its face." *Dark v. Curry Cnty.*, 451 F.3d 1078, 1088 (9th Cir. 2006).  Here, there are no allegations that Plaintiff has been diagnosed with the multitude of disabilities that he claims, or that any medical provider has recommended that he engage in "occupational therapy" repairing bicycles.  Accordingly, his claim that County failed to provide an accommodation to any (undefined) County program or service fails.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request this Court grant the Motion to Dismiss.

Dated: August 15, 2024

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF MARIN

/s/ Jacy C. Dardine
Jenna Brady
Jacy C. Dardine
Attorneys for Defendants MARIN COUNTY SHERIFF'S OFFICE, MICHAEL THOMPSON, JULIA BARNES, and COUNTY OF MARIN