BRIAN E. WASHINGTON, COUNTY COUNSEL
Jenna Brady, Chief Deputy County Counsel (SBN 233440)
Jacy C. Dardine, Deputy County Counsel (SBN 294294)
OFFICE OF THE COUNTY COUNSEL,
COUNTY OF MARIN
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 473-6117
Fax: (415) 473-3796
jenna.brady@marincounty.gov
jacy.dardine@marincounty.gov

Attorneys for Defendants
MARIN COUNTY SHERIFF'S OFFICE,
MICHAEL THOMPSON, JULIA BARNES, and
COUNTY OF MARIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BONNIE SILVERIA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MARIN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No.: 3:24-cv-03181-AMO<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Hearing Date:　March 20, 2025<br>Time:　2:00 p.m.<br>Location:　San Francisco Courthouse<br>　　　　　Courtroom 10 – 19th Floor<br>　　　　　450 Golden Gate Avenue<br>　　　　　San Francisco, CA 94102<br>Judge:　Honorable Araceli Martinez-Olguin |

## I. INTRODUCTION

On January 21, 2025, the Court requested supplemental briefing from Defendants to address "what, if any, authority entitles them to dismissal on Plaintiffs' Fourth and Fourteenth Amendment claims for unreasonable seizure if the Court finds plausible Plaintiffs' allegations that instead of storing belongings, Defendants improperly discarded Plaintiffs' property." Defendants hereby submit this

supplemental brief in response to the Court's order.

**II.   LEGAL ARGUMENT**

Defendants do not dispute that they are required to store non-hazardous personal property that is seized without a warrant for a reasonable amount of time before discarding it. *See Lavan v. City of L.A.*, 693 F.3d 1022, 1027 (9th Cir. 2012); *Garcia v. City of L.A.*, 11 F.4th 1113, 1118 (9th Cir 2021). Defendants also do not dispute that they must return stored personal property upon request. *See Lavan*, 693 F.3d at 1030. Indeed, the Complaint, and the exhibits attached to the Complaint, demonstrate that Defendants' policy is to store non-hazardous personal property for at least 90-days, and to permit the owners to retrieve it during that period. *See, e.g.*, **Exhibit A** to Complaint (Dkt. No. 1).

However, Defendants are not required to store property that is abandoned, *see Lavan*, 693 F.3d at 1026, nor are they required to store property that poses an immediate threat to public health or safety, *id.* at 1024. In *Lavan*, the Ninth Circuit upheld an injunction that prohibited the city from destroying seized personal property without storing it in a secured location for at least 90 days, *unless there was an immediate threat to public health and safety*. *Id.* The court noted that the city had "great leeway . . . to protect public health and safety" and may destroy property if there is "an immediate threat to public health or safety. *Id.*

Here, the Complaint does not provide the requisite specificity demonstrating that Defendants seized and failed to store Plaintiffs' *non-hazardous* property for at least 90-days.[1] For example, plaintiff Derning states in his declaration that Defendants "took literally all of my belongings around my trailer," but it is unclear from the allegations what specific, non-hazardous property he claims was seized and not returned. *See* Derning Declaration (Dkt. No. 1), at ¶ 10.

Plaintiff Silveria's declaration appears to claim that she contacted Deputy Thompson within 90-days (although the declaration is somewhat ambiguous about the timing), but she does not claim that she contacted County using the telephone number posted on the 15-Day Notice of Cleanup and Property Removal. *See* Silveria Declaration, at ¶ 7 (Dkt. 1); *see also* **Exhibit A** and **Exhibit B** to Complaint (Dkt. No. 1). Deputy Thompson never had possession of Plaintiffs' property, and the notices specifically

---

[1] Defendants dispute that *any* non-hazardous property was seized and not stored for *at least* 90 days, but Defendants acknowledge that well-pleaded facts must be accepted as true at this stage in the litigation.

state that parties seeking to retrieve their property should contact the telephone number listed therein. There are no allegations that Plaintiff Silveria complied with that requirement.

Plaintiff Limeta similarly claims that he attempted to contact Deputy Thompson, and there are no allegations that he attempted to retrieve his property using the telephone number listed on the notice within 90 days. *See* Limeta Declaration, at ¶ 10.

Although these discrepancies may appear minor, Defendants adamantly dispute that any unabandoned, non-hazardous property was destroyed within the 90-day period, and the allegations appear to have been written in a way that creates ambiguity. The reality is that most individuals living on Binford Road have been grateful for the assistance County continues to provide to remove accumulated trash and debris from the area while a more permanent solution can be found. Plaintiffs are not entitled to store their personal property in the right-of-way where it impedes traffic, creates a fire hazard, and has the potential for environmental contamination. To the extent Plaintiffs claim that Defendants discarded their non-hazardous personal property prior to expiration of the 90-day period, they should be required to specifically allege what non-hazardous property they are claiming was seized, the date it was seized, and the date and manner in which they attempted to retrieve their property.

However, should the Court determine that Plaintiffs have stated a plausible claim at this stage in the litigation, Defendants concede that there is no legal authority that would allow them to dispose of non-hazardous personal property within 90-days.

### III. CONCLUSION

Based on the foregoing, defendants COUNTY OF MARIN (also erroneously sued as "Marin County Sheriff's Department"), Michael Thompson, and Julia Barnes respectfully request that this Court grant the Motion to Dismiss.

Dated:    January 31, 2025

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF MARIN

/s/ Jacy C. Dardine

_____
Jenna Brady
Jacy C. Dardine
Attorneys for Defendants MARIN COUNTY SHERIFF'S OFFICE, MICHAEL THOMPSON, JULIA BARNES, and COUNTY OF MARIN