BRIAN E. WASHINGTON, COUNTY COUNSEL
Jenna Brady, Chief Deputy County Counsel (SBN 233440)
Jacy C. Dardine, Deputy County Counsel (SBN 294294)
OFFICE OF THE COUNTY COUNSEL,
COUNTY OF MARIN
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 473-6117
Fax: (415) 473-3796
jenna.brady@marincounty.gov
jacy.dardine@marincounty.gov

Attorneys for Defendants
MARIN COUNTY SHERIFF'S OFFICE,
MICHAEL THOMPSON, JULIA BARNES, and
COUNTY OF MARIN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BONNIE SILVERIA, et al.,<br><br>      Plaintiffs,<br><br>    v.<br><br>MARIN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>      Defendants. | Case No.: 3:24-cv-03181-AMO<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendants COUNTY OF MARIN (also sued as "Marin County Sheriffs Department"), MICHAEL THOMPSON, and JULIA BARNES (collectively "Defendants") answer the Complaint filed by plaintiffs BONNIE SILVERIA, ELGIO LIMETA, and SEAN DERNING (collectively "Plaintiffs") on May 28, 2024, as follows:

1. In response to Paragraph 1 of Page 1 of the Complaint, these answering Defendants admit that for the last several years the County of Marin has provided portable bathrooms, hand washing stations, regular trash pick-up, and RV pump out services to certain unhoused individuals on Binford Road. Defendants deny the remaining allegations stated therein.

2. In response to Paragraph 2 of Page 1 of the Complaint, these answering Defendants admit that for the last several years the County of Marin has provided portable bathrooms, hand washing stations, regular trash pick-up, and RV pump out services to certain unhoused individuals on Binford Road. Defendants deny the remaining allegations stated therein.

3. In response to Paragraph 3 of Page 2 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area. These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed. Defendants deny the remaining allegations stated therein.

4. In response to Paragraph 4 of Page 2 of the Complaint, these answering Defendants deny all the allegations stated therein.

5. In response to Paragraph 5 of Page 2 of the Complaint, these answering Defendants deny all the allegations stated therein.

6. In response to Paragraph 6 of Page 2 of the Complaint, these answering Defendants deny all the allegations stated therein.

### JURISDICTION AND VENUE

7. Defendants admit that this court has jurisdiction pursuant to 28 U.S.C. § 1331.

### PLAINTIFFS

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiffs' contact information, and on that basis, Defendants deny all the allegations stated therein.

### DEFENDANTS

9. In response to the allegations beginning on Line 15 of Page 3 and ending on Line 9 of Page

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No.: 3:24-cv-03181-AMO

4 of the Complaint, these answering Defendants admit that the COUNTY OF MARIN is a political subdivision of the State of California, MICHAEL THOMPSON is a deputy for the Marin County Sheriff's Office and JULIA BARNES is a Hazardous Materials Program Manager for the County of Marin, Department of Public Works.  Defendants deny the remaining allegations stated therein.

## STANDARD FOR REVIEW

10.  In response to Paragraph 1 of Page 4 of the Complaint, Defendants state that the allegations are legal contentions for which no response is required.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

## NOTICE

11.  In response to Paragraph 1 of Page 5 of the Complaint, Defendants state that the allegations are legal contentions for which no response is required.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

## FIRST CAUSE OF ACTION

### (Fourth Amendment)

12.  In response to Paragraph 2 of Page 5 of the Complaint, Defendants state that the allegations are legal contentions for which no response is required.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

13.  In response to Paragraph 3 of Page 5 of the Complaint, Defendants state that the allegations are legal contentions for which no response is required.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

14.  In response to Paragraph 4 of Page 6 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area.  These answering Defendants further admit that non-hazardous and non-perishable

personal property is stored for at least 90 days before being disposed. Defendants deny the remaining allegations stated therein.

15. In response to Paragraph 5 of Page 6 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area. These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed. Defendants deny the remaining allegations stated therein.

16. In response to Paragraph 6 of Page 6 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area. These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed. Defendants deny the remaining allegations stated therein.

17. In response to Paragraph 7 of Page 6 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area. These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed. Defendants deny the remaining allegations stated therein.

18. In response to Paragraph 8 of Page 6 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area. These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed. Defendants deny the remaining allegations stated therein.

19. In response to Paragraph 9 of Page 6 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No.: 3:24-cv-03181-AMO

property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area.  These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed.  Defendants deny the remaining allegations stated therein.

20.  In response to Paragraph 10 of Page 6 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area.  These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed.  Defendants deny the remaining allegations stated therein.

21.  In response to Paragraph 11 of Pages 6-7 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area.  These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed.  Defendants deny the remaining allegations stated therein.

22.  In response to Paragraph 12 of Page 7 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area.  These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed.  Defendants deny the remaining allegations stated therein.

## SECOND CAUSE OF ACTION

### (Fifth and Fourteenth Amendment – Due Process)

23.  In response to Paragraph 1 of Page 7 of the Complaint, Defendants incorporate by reference and re-assert their responses to each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

24.  In response to Paragraph 2 of Page 7 of the Complaint, Defendants state that the allegations

are legal contentions for which no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

25. In response to Paragraph 3 of Page 7 of the Complaint, Defendants state that the allegations are legal contentions for which no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

26. In response to Paragraph 4 of Pages 7 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area. These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed. Defendants deny the remaining allegations stated therein.

27. In response to Paragraph 5 of Pages 7 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area. These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed. Defendants deny the remaining allegations stated therein.

28. In response to Paragraph 6 of Pages 7 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek Marsh Wildlife Area. These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed. Defendants deny the remaining allegations stated therein.

29. In response to Paragraph 7 of Pages 7 of the Complaint, these answering Defendants admit that the County of Marin has conducted periodic cleanups along Binford Road to prevent personal property, trash, and other debris from encroaching onto the road right-of-way and/or into the Rush Creek

Marsh Wildlife Area. These answering Defendants further admit that non-hazardous and non-perishable personal property is stored for at least 90 days before being disposed. Defendants deny the remaining allegations stated therein.

### THIRD CAUSE OF ACTION

### (Fourteenth Amendment – State Created Danger)

30. In response to Paragraph 1 of Page 8 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

31. In response to Paragraph 2 of Page 8 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

32. In response to Paragraph 3 of Page 8 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

33. In response to Paragraph 4 of Page 8 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

34. In response to Paragraph 5 of Page 8 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

35. In response to Paragraph 6 of Pages 8-9 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations

stated therein, and on that basis, Defendants deny all the allegations stated therein.

36. In response to Paragraph 7 of Page 9 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

37. In response to Paragraph 8 of Page 9 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

**FOURTH CAUSE OF ACTION**

**(Fourteenth Amendment – Substantive Due Process)**

38. In response to Paragraph 9 of Page 9 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

39. In response to Paragraph 10 of Page 9 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

40. In response to Paragraph 11 of Page 9 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

41. In response to Paragraph 12 of Page 9 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

42. In response to Paragraph 13 of Page 10 of the Complaint, Defendants contend that the Court

dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

### FIFTH CAUSE OF ACTION

### (Americans with Disabilities Act)

43. In response to Paragraph 1 of Page 10 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

44. In response to Paragraph 2 of Pages 10-11 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

45. In response to Paragraph 3 of Page 11 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

46. In response to Paragraph 4 of Page 11 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

47. In response to Paragraph 5 of Page 11 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

48. In response to Paragraph 6 of Page 11 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations

stated therein, and on that basis, Defendants deny all the allegations stated therein.

49.  In response to Paragraph 7 of Page 12 of the Complaint, Defendants contend that the Court dismissed this claim and therefore no response is required.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

### IRREPARABLE HARM

50.  In response to Paragraph 8 of Page 12 of the Complaint, Defendants incorporate by reference and re-assert their responses to each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

51.  In response to Paragraph 9 of Page 12 of the Complaint, Defendants state that the allegations are legal contentions for which no response is required.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations stated therein, and on that basis, Defendants deny all the allegations stated therein.

### AFFIRMATIVE DEFENSES

1.  AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, Defendants allege that the claims fail to state facts sufficient to constitute a cause of action against Defendants.

2.  AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, Defendants allege that the claims are barred by the doctrine of waiver, issue preclusion, collateral estoppel, and/or res judicata.

3.  AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, Defendants allege that the claims are barred by the failure to pursue and/or exhaust administrative remedies.

4.  AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, Defendants allege that any and all acts or omissions of Defendants, or the agents or employees of Defendants, which allegedly caused the injuries or damages alleged in the Complaint, were acts in the greatest of good faith and without malice, in accordance with good practice, and pursuant to the apparent authority granted to them by statutory and decisional law.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No.: 3:24-cv-03181-AMO

5.    AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, Defendants alleges that Defendants, and the agents and employees of Defendants, are not liable for any alleged damages by reason of the absolute immunity for acts taken in a legislative, prosecutorial, and/or judicial capacity.

6.    AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, Defendants allege that Plaintiffs' recovery is barred by its failure to mitigate any damages it allegedly suffered.

7.    AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, Defendants allege that they are immune from liability for any actions that transpired at the time and place of the events complained of by reason of the statutory immunities contained in the California Government Code, Title I, Division 3.6, Part 2, sections 810 et seq.

8.    AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, Defendants allege that neither its acts, nor the acts of its agents or employees, were a substantial or proximate cause of Plaintiffs' alleged injuries.

9.    AS AND FOR A NINTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, Defendants allege that the Complaint is barred by the doctrine of laches and/or unclean hands.

10.    AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint, Defendants allege that any damages suffered by Plaintiffs were caused in whole or in part by the negligence of the Plaintiffs themselves or by the fault of the Plaintiffs themselves, and to the extent defendant is found to have any liability, Plaintiffs' recovery should be diminished or barred by such percentage of Plaintiffs' own negligence or fault.

## **PRAYER**

WHEREFORE, Defendants prays for relief as follows:

1.    Plaintiffs take nothing by way of the Complaint;

2.    This Court deny each and every prayer for relief in the Complaint;

3.    This Court dismiss the Complaint in its entirety, with prejudice, and enter judgment for Defendants.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No.: 3:24-cv-03181-AMO

4.    That Defendants be awarded costs of suit herein.

5.    For such other and further relief as the Court may deem proper.

Dated:  April 30, 2025

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF MARIN


/s/ Jacy C. Dardine
Jenna Brady
Jacy C. Dardine
Attorneys for Defendants
MARIN COUNTY SHERIFF'S OFFICE,
MICHAEL THOMPSON, JULIA BARNES, and
COUNTY OF MARIN

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
Case No.: 3:24-cv-03181-AMO