BRIAN E. WASHINGTON, COUNTY COUNSEL
Jenna Brady, Chief Deputy County Counsel (SBN 233440)
Jacy C. Dardine, Deputy County Counsel (SBN 294294)
OFFICE OF THE COUNTY COUNSEL,
COUNTY OF MARIN
3501 Civic Center Drive, Room 275
San Rafael, CA 94903
Tel.: (415) 473-6117
Fax: (415) 473-3796
jenna.brady@marincounty.gov
jacy.dardine@marincounty.gov

Attorneys for Defendants
COUNTY OF MARIN,
MICHAEL THOMPSON, and
JULIA BARNES,

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BONNIE SILVERIA, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>MARIN COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>       Defendants. | Case No.: 3:24-cv-03181-AMO<br><br>**DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date:  July 31, 2025<br>Time:          10:30 a.m.<br>Location:      Zoom<br>Judge:         Hon. Araceli Martinez-Olguin |

///

///

///

Defendants COUNTY OF MARIN (also erroneously sued as "Marin County Sheriff's Department"), MICHAEL THOMPSON, and JULIA BARNES ("collectively "Defendants") hereby submit this Case Management Statement pursuant to Federal Rules of Civil Procedure, Rule 26(f), Civil L.R. 16-9, and the Standing Order for All Judges of the Northern District of California.[1]

1. **Jurisdiction and Service:**

Defendants agree that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. There are no issues related to venue. To Defendants' knowledge, DOES 1-10 have not been served.

2. **Facts:**

Plaintiffs BONNIE SILVERIA, ELGIO LIMETA, and SEAN DERNING ("Plaintiffs") are unhoused individuals currently residing in recreational vehicles along Binford Road in unincorporated Marin County. Binford Road is a county-maintained public road adjacent to the Rush Creek Wildlife Area. For several years, numerous individuals (including Plaintiffs) have resided in RVs on the narrow shoulder between the pavement and the preserve.

Although long-term parking is not permitted on Binford Road, County has focused its attention on providing individual outreach to residents to find alternative housing solutions and provided portable bathrooms, handwashing stations, regular trash pickup, and RV pump out services. County has made progress finding alternative housing for many individuals, but numerous health, safety, and environmental challenges remain. Some unhoused individuals (primarily Sean Derning) have taken to storing personal property (including flammable materials and junk) around their RVs, creating a hazard to other residents and passing motorists.

To limit the potential danger, County conducts periodic clean-ups on Binford Road to remove hazardous material and personal property that encroaches onto the roadway or is likely to migrate into the adjacent protected habitat. Notice is provided to residents in advance of these clean-ups and non-hazardous personal property is stored for no less than 90 days before being discarded. On numerous occasions, Mr. Derning has recovered his personal property only to place it back in the same location,

---

[1] Civil L.R. 16-9 authorizes parties to submit separate case management statements if one or more of the parties is not represented by counsel. Here, plaintiffs Bonnie Silveria, Elgio Limeta, and Sean Derning are unrepresented. Counsel for Defendants attempted to contact Plaintiffs via email to schedule a Rule 26(f) conference but received no response.

thereby creating a cat-and-mouse game between him and County's employees, to the detriment of the other residents and the surrounding community.

Plaintiffs contend that County's employees have unreasonably seized and discarded their personal property. Defendants deny that these allegations.

**3. Legal Issues:**

    i.    Whether Plaintiffs' personal property was unreasonably seized;

    ii.    Whether Plaintiffs' personal property was abandoned;

    iii.    Whether Plaintiffs' personal property posed an immediate threat to public safety;

    iv.    Whether Plaintiffs' personal property was stored for at least 90 days before being discarded;

    v.    Whether Plaintiffs' received notice.

**4. Motions:**

On July 25, 2024, Defendants filed an FRCP 12(b)(6) motion to dismiss the Complaint. The Court granted in part and denied in part the motion to dismiss with leave to amend. Specifically, the Court denied the motion as to Plaintiffs' claims that Defendants seized and destroyed their property in violation of the Fourth and Fourteenth Amendments. Defendants anticipate filing a Motion for Summary Judgement as to the remaining claims.

**5. Amendment of Pleadings:**

Defendants do not anticipate filing an amended pleading.

**6. Evidence Preservation:**

Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Defendants attempted to meet and confer with Plaintiffs pursuant to Federal Rules of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action but did not receive a response.

**7. Disclosures:**

The parties have not completed initial disclosures. Defendants request the parties discuss the deadline for initial disclosures at the Case Management Conference.

**8. Discovery:**

The parties have not engaged in discovery at this early stage in litigation. Defendants anticipate performing the following discovery: (i) written discovery, (ii) complete Plaintiffs' depositions, (iii) complete depositions of percipient witnesses.

9. **Class Actions:**

    Not applicable.

10. **Related Cases:**

    Not applicable.

11. **Relief:**

    Defendants contend that Plaintiffs are not entitled to any relief or monetary damages in this action.

12. **Settlement and ADR:**

    Defendants have complied with ADR L.R. 3-5 and have filed the ADR Certification By Parties and Counsel. Defendants suggest the parties participate in court-sponsored mediation but anticipate Plaintiffs' unresponsiveness being a barrier to resolution.

13. **Other References:**

    Defendants do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. **Narrowing of Issues:**

    Unknown at this time. Defendants anticipate narrowing the issues through the discovery process, dispositive motions, and any stipulations that can be reached prior to trial.

15. **Scheduling:**

    Defendants request the parties discuss pre-trial deadlines and a trial date at the Case Management Conference.

16. **Trial:**

    Defendants request a bench trial. Defendants anticipate a 1-day bench trial.

17. **Disclosure of Non-party Interested Facilities or Persons:**

    Defendants are exempt from filing a Certification of Conflicts of Interested Entities or Persons pursuant to Civil L.R. 3-15.

18. **Professional Conduct:**

Counsel for Defendants represent that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. **Other Matters:**

Counsel for Defendants attempted to contact Plaintiffs via email on July 11, 2025, at the email address listed on the caption of the operative complaint to meet and confer regarding the Case Management Conference.  However, Defendants received no response and have otherwise been unable to contact Plaintiffs.  The Court's order setting the Case Management Conference (ECF 34) states that Plaintiffs' failure to file a statement by the deadline or appear at the conference may result in dismissal for failure to prosecute.

Dated:      July 24, 2025

OFFICE OF THE COUNTY COUNSEL,
COUNTY OF MARIN

/s/ Jacy C. Dardine
_____
Jenna Brady
Jacy C. Dardine
Attorneys for Defendants
MICHAEL THOMPSON, JULIA BARNES, and COUNTY OF MARIN